IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUCIANO RIOS ARANGUREN, | § § | |
| Petitioner, | § § | |
| v. | § | CAUSE NO. EP-26-CV-492-KC |
| PAM BONDI et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Luciano Rios Aranguren's Petition for a Writ of Habeas Corpus, ECF No. 1. Aranguren is currently detained at the El Paso Processing Center in El Paso, Texas. *Id.* ¶¶ 2, 6. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 24–34.

Aranguren is a citizen of Cuba who entered the United States in 2008 "as a Cuban parolee." Resp. 3, ECF No. 4. In 2011, Aranguren was "re-paroled." *Id.* He did not adjust his status to Lawful Permanent Resident as he initially alleged—instead, his adjustment of status "application remains pending." *Id.* Since 2011, Aranguren resided in Fort Lauderdale, Florida and "worked as a truck driver with a Commercial Driver's License." Pet. ¶ 14. On June 16, 2025, Aranguren was arrested on suspected drug possession charges. *Id.* ¶¶ 16–17. On July 11, 2025, the charges were dismissed and Aranguren was released from county jail. *Id.* ¶¶ 18–19. At that time, Immigration and Customs Enforcement ("ICE") detained Aranguren. *Id.* ¶ 19. Aranguren is now in "full removal proceedings." Resp. 4. He also has pending criminal charges in state court. *Id.* In its Show Cause Order, ECF No. 2, the Court ordered Respondents to show

cause why the application for a writ of habeas corpus should not be granted. Show Cause Order 3.

Respondents argue that Aranguren's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1.

Aranguren argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds. Pet. ¶¶ 24–34. To the extent Aranguren challenges his detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Aranguren's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Aranguren's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–26, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10,

2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences between Aranguren's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Aranguren's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Aranguren's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before March 9, 2026**, Respondents shall either: (1) provide Aranguren with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Aranguren's continued detention; or (2) release Aranguren from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 9, 2026**, Respondents shall **FILE** notice informing the Court whether Aranguren has been released from custody. If

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Aranguren's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

3

Aranguren has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Aranguren is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the March 9, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED** this 2nd day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4