**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LUCIANO RIOS ARANGUREN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-492-KC** |
| | § | |
| **PAM BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Luciano Rios Aranguren's Letter, ECF No. 13.  On March 2, 2026, the Court granted in part Rios Aranguren's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, him continued detention; or (2) release him from custody, under reasonable conditions of supervision.  Mar. 2, 2026, Order 3, ECF No. 6.  An IJ held a bond hearing as ordered but denied Rios Aranguren bond finding he presented a danger and flight risk. Advisory 1, ECF No. 8; *see id.* Ex. A ("IJ Order"), ECF No. 8-1.

Rios Aranguren now states that he does not believe his circumstances demonstrate that he is a danger or a flight risk.  Letter.  But this Court "lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk [or danger] and therefore should be denied bond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted).  In other words, whether the Court agrees or not with the IJ's determinations regarding Rios Aranguren's risk of flight or danger, it lacks the power to alter those determinations.  Rios Aranguren may seek further relief through the appropriate immigration court channels.

Accordingly, Rios Aranguren's request for further relief is **DENIED**.

The case shall remain closed.

**SO ORDERED**.

**SIGNED this 26th day of June, 2026.**

_____
KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

2